## ADDENDA.

In the case of *Sayres* v. *Springfield*, page 204, the following opinion was delivered by JUSTICE FORD :

Brooks Sayres contracted to maintain the poor of the township of Springfield for one year and indemnify against all expenses on their account. They have paid him the stipulated consideration of $242, and he has performed the contract on his part except in one disputed case. The Overseers applied to him in the course of the year to provide for one Jemima Meeker, whom they recognized to be a pauper of the township ; but whom he refused to receive as such without an order from a Justice of Peace, in writing, for her relief. It was a custom of the Overseers of this township to provide for paupers without an order, and therefore they refused to procure one. Afterward, during the same year, Jemima Meeker went to Newark, and became chargeable to that township in the amount of $16.47, which the township of Springfield was obliged to pay. When the year had expired the Overseers of Springfield brought an action of debt against Brooks Sayres before a Justice and recovered $20.65 on account of those expenses. On an appeal to the Common Pleas of Essex, the court maintained the cause of action and gave judgment for $19.65 ; and now on certiorari, various reasons are alleged for a reversal of the judgment. Of these I shall take notice of only one ; but it is one that applies directly to the merits and cannot be otherwise than fatal to the judgment. It is, that there was no legal authority for the maintenance of Jemima Meeker as a pauper.

By a fair interpretation of the agreement it comprehended all poor persons who were paupers at the time of the contract, and such as after that time should be lawfully added to the list. As all persons are not to be maintained on the

township funds, the power of determining who shall be so maintained must be vested in somebody. We find it asserted in *Rev. Laws* page 40, *Sec.* 11 and 12, that the Overseers used to exercise in this matter an *unlimited power*, and that they not only laid out the money in their hands on *frivolous pretences*, but what was worse, for their *private ends*. In order to put a stop to these evils the legislature took the power *entirely out of their hands* and vested it elsewhere. The above statute directs that inquiry shall be made into the circumstances of poor persons by a *Justice of the Peace*, and if they are such as to deserve relief that *he* shall give an order for it in writing; the 12th section then adds that *no* poor person shall receive relief *without such order*, and imposes *a penalty* on the breach of this regulation, by forfeiting out of an Overseer's own pocket all money disbursed without such order. The excuse presented for disobedience of these plain and positive injunctions is, that it has been *customary* for the overseers of Springfield to provide for poor persons without an order; in other words setting the custom of a township above a law of the state. There can be no doubt about which is the superior law. All that the court need say of a custom contrary to the law of the state is, that it is an *illegal custom* and we cannot support it; it is in derogation of a duty prescribed by the public will; it is a custom prohibited by the statute and those who follow it are exposed to a penalty. Brooks Sayres was under no obligation to provide for Jemima Meeker without a written order for her maintenance as a pauper, nor could she be a pauper of the township without it. For this reason, let the judgment be reversed.